[S. F. No. 12402. In Bank.—July 15, 1927.]

MONTEZUMA MOUNTAIN RANCH SCHOOL (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and FORREST WILDER, Respondents.

[1] WORKMEN'S COMPENSATION ACT—INDEPENDENT CONTRACTOR—CONSTRUCTION OF EVIDENCE.—In this proceeding in *certiorari* to annul an award for personal injuries, it is held that there is an admixture of elements from which either of two conclusions may be drawn as to whether the injured person was an employee of one of the petitioners or of an independent contractor, and that the burden of proving that claimant was an employee of an independent contractor and not a compensable employee was upon the petitioners, which burden they did not sustain, and the award does not stand wholly unsupported by proof.

———

(1) Workmen's Compensation Acts, **C. J.,** p. 115, n. 23, 37, p. 122, **n.** 40.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission, awarding compensation for injuries. Award affirmed.

The facts are stated in the opinion of the court.

R. P. Wisecarver and Redman & Alexander for Petitioners.

G. C. Faulkner for Respondents.

SEAWELL, J.—This is a petition for a writ of *certiorari* in the matter of an award made by the Industrial Accident

Commission to Forrest Wilder, who lost his foot while engaged in operating a gasoline motor saw. J. A. Wilder, the father of the compensation claimant, a rancher, purchased a gasoline wood sawing outfit to be used by him in cutting or sawing timbers into fuel wood lengths for his own use. The saw required a crew of three in its operation. H. J. Lloyd, the business manager of the Montezuma Mountain Ranch School, located in the county of Santa Clara, requested said J. A. Wilder to bring his outfit to the school grounds and saw into stove-wood lengths certain wood upon the premises. An oral contract was made whereby Wilder was to receive $1.50 and $1.75 per cord, respectively, according to the lengths of the cuts. Wilder senior was assisted in this work by his son, a young man twenty-two years of age, and another workman. At the conclusion of this employment, Mr. Lloyd took up with Wilder the proposition of sawing into usable sizes old materials taken from wrecked buildings, which had been piled in disorderly fashion upon the premises. Said old materials consisted of old doors, frames, window-sashes, and other used materials. Iron locks, hinges, and nails were fastened to or imbedded in much of the old materials, which made it impractical to undertake the job upon a cord basis. Consequently it was agreed that the compensation should be $1.50 per hour for Wilder's services, including the use of the sawing outfit, and fifty cents per hour each for Wilder's son and the other man, who had worked with Wilder senior and son in the first instance. The third man refused employment on the theory that the character of the materials to be handled was attended with more or less danger. Another man was furnished by Mr. Lloyd, the business manager of said Montezuma Mountain Ranch School. Several other employees of the Montezuma Mountain Ranch School were also put upon the job by Mr. Lloyd to assist in assorting and arranging the material to the end that the task might be finished as expeditiously as possible.

Mr. Lloyd admitted that he reserved the right to terminate the work at will. He also reserved and exercised the right of placing more men at work on the job than was necessary to complete the crew complement of three men, and the amount of compensation that the elder Wilder and his son and any other person who might render service

was to receive was discussed by Wilder and Lloyd, and the reasonable value of such services was understood to be $1.50 per hour and fifty cents per hour, respectively. In other words, $2.50 per hour or $20 per day (eight-hour day) was the basis of the employment. [1] The most that can be said in this case is that there is an admixture of elements from which either of two conclusions may be drawn as to whether Forrest Wilder was an employee of the Montezuma Mountain Ranch School or an employee of his father, being an independent contractor.

The burden of proving that claimant was an employee of an independent contractor and not a compensable employee was upon petitioners. (Section 19d, Workmen's Compensation, Insurance and Safety Act; *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570].) This burden they did not fully overcome in the view of the Commission, and we are not convinced that the award stands wholly unsupported by proof. The fact that the check handed the father as full payment for the services rendered also included his son's earnings at fifty cents per hour and was deposited in a bank to the credit of said son has no significance in the circumstances of the situation.

The award is affirmed.

Shenk, J., Waste, C. J., Preston, J., Langdon, J., and Curtis, J., concurred.

Rehearing denied.